WILLIAM B. THORNE, PLAINTIFF IN ERROR, V. ADAMS COUNTY, DEFENDANT IN ERROR.

1. **County Treasurer:** DEFAULT IN PUBLIC FUNDS: ACTION BY COUNTY. Where a county treasurer is in default in respect to the county, state, school district, precinct bond, city, and other funds, and his bond has been canceled and bondsmen discharged by a judgment of the district court of the proper county, an action will lie against him in the name of the proper county for all such funds in respect to which he is a defaulter.

2. ———: ———: ———. In such case the county proceeds under a form analogous to that of a trustee of an express trust, in respect to all of such funds other than those of the county proper.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Dilworth, Smith & Dilworth,* for plaintiff in error, cited: Sec. 29, Civil Code. *Albertson v. State,* 9 Neb., 429. *Hunter v. Commissioners,* 10 Ohio State, 519.

*Charles H. Tanner,* for defendant in error, cited: Sec. 32, Civil Code. Pomeroy Remedies, Secs. 171, 179. *Peel v. Elliot,* 7 Abb. Pr., 433. *Albertson v. State,* 9 Neb., 429.

COBB, J.

There is but one controversy presented by the record and briefs of counsel in this case, and that is, whether in a case where a county treasurer has become a defaulter in respect to the several funds—county, state, school district, and other funds—which it is his duty to collect and pay over to the persons and corporations entitled thereto, an action can be maintained against him for all of said funds for the payment of which such county treasurer is in de-

fault, by and in the name of the proper county.    It seems to be admitted that where there is a subsisting bond given by such county treasurer, with securities in accordance with the provisions of the statute, such action may be maintained on such bond against the county treasurer and his securities for all funds of which he is in default.    But in the case at bar the action is against the treasurer alone upon his legal liability.

Counsel for plaintiff in error contend that the plaintiff in the court below, the county of Adams, can only recover for the county funds proper, which the defendant collected and failed to pay over, and they cite section 29 of the code in support of that proposition.

Section 29 provides that, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section thirty-two," which section provides that, "An executor, administrator, guardian, trustee of an express trust, a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted.    Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon the same way."

Counsel for defendant in error contend that the case at bar comes within the exception, that the county is the trustee of an express trust in respect to the state, school district, and other taxes than the county taxes, which it is the duty of the county treasurer to collect and pay over in accordance with the several provisions of statute applicable thereto.

While the county holds a relation to the state and other *quasi* corporations in respect to the levy and collection of taxes somewhat analogous to that of trustee of an express trust, I cannot conceive that it holds exactly that relationship, or that either state or county, or the powers and du-

ties of either in respect to the other, were in the minds of the framers of the code when they adopted the language of section thirty-two.

Ordinarily the official bond of the county treasurer not only furnishes a security to all persons and corporations interested, but by its terms points out who must be the plaintiff in a suit brought thereon. As the law provides that a sufficient bond shall be taken in every case, and does not provide for the cancellation or withdrawal of such bond until it has served its purpose, in any case, it is improbable that any action other than one upon such bond was contemplated by the legislature. And yet, it appears by the record in the case at bar that the bonds given by the defendant (for there were two of them) were canceled by judgment of the court without their having served the purpose for which they were given. And the defendant still being in default in respect to the state general fund, the state sinking fund, the school fund, the state university fund, the state penitentiary fund, the state bond fund, the state insane hospital fund, the state school land interest fund, the state school land lease fund, the Juniata precinct bond fund, the school district fund, the Denver precinct bond fund, the school district bond fund, the district school judgment fund, the city of Hastings tax fund, the village of Juniata tax fund, the fund levied against school district No. 21 to pay school district No. 42, and the tax sale redemption fund, unless suit can be maintained therefor in the name of the county, it is apparent that there must be numerous actions brought against the defendant or there will be a failure of remedy, and of justice.

If it be conceded that an action would lie in the name of the state, for the state funds, and in the names, severally, of the city of Hastings, and the village of Juniata for the funds due them, there would remain the Juniata precinct bond fund, the school district fund, the Denver precinct bond fund, the district school judgment fund, and the fund

levied against school district No. 21 to pay school district 42, part or all of which it is believed can not be collected properly by any party other than the county, for the want of capacity in the real party in interest to sue. It is a serious objection to the view taken by counsel for plaintiff in error, that it would entail the bringing of a great multiplicity of actions with a corresponding increase of costs. And I will add that should the example set in the cases shown in the record, of canceling the bonds of the county treasurer and discharging the securities, be followed in other cases, and become general throughout the state, and it should be held that the state was thereby relegated to its own action to recover the state taxes, it would entail an amount of labor upon the law officer of the state not contemplated by law, and which, added to his other duties, would become too burdensome for successful administration. It may safely be said not to be the policy of the state to assume the burden of such litigation, but that by long usage, if not by positive law, the same has been relegated to the respective counties, by which, I think, by virtue of a power quite analogous to that of a trustee of an express trust, the same may be prosecuted.

I have carefully examined the case of *Albertson v. The State*, 9 Neb., 429, cited by counsel for plaintiff in error, but do not find it an authority against the conclusion reached in this case.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.